Cui v. Lynch

BIA
Poczter, IJ
A205 038 495

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of September, two thousand sixteen.

PRESENT:
        PIERRE N. LEVAL,
        REENA RAGGI,
        RAYMOND J. LOHIER, JR.,
              *Circuit Judges.*
_____

HANG JIAN CUI,
        *Petitioner,*

        v.                                          15-1270
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Daniel W. Worontzoff, The
                         Worontzoff Law Office, PLLC,
                         Flushing, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney
                         General; Linda S. Werney,
                         Assistant Director; Theodore C.
                         Hirt, Senior Litigation Counsel,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hang Jian Cui, a native and citizen of the People's Republic of China, seeks review of a March 24, 2015, decision of the BIA, affirming a January 28, 2013, decision of an Immigration Judge ("IJ") denying Cui's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hang Jian Cui,* No. A205 038 495 (B.I.A. Mar. 24, 2015), *aff'g* No. A205 038 495 (Immig. Ct. N.Y. City Jan. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies

2

in an applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (emphasis in original) (internal quotation marks and citations omitted).  Substantial evidence supports the agency's determination that Cui was not credible.

The BIA reasonably relied on record inconsistencies among Cui's testimony, his written statement, and a letter from his aunt regarding whether and how often the police contacted his aunt after he left China.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent.").  Further, Cui's explanations regarding these discrepancies were insufficient given that his explanations themselves did not account for differences in the number of

3

times his aunt was contacted and whether she was threatened with a fine. *See Majidi*, 430 F.3d at 80. The BIA also reasonably found that this inconsistency went "to the heart" of Cui's asylum claim because it was directly related to the surveillance that Cui claimed to have fled and to the basis for his fear of future persecution. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that the substantial evidence standard is satisfied by a material inconsistency related to "an example of the very persecution from which [an applicant] sought asylum" (internal quotation marks omitted)).

The BIA also reasonably relied on Cui's conflicting testimony regarding why he came to the United States: to escape persecution or to study. Cui argues that this testimony shows only that he had a "dual purpose" for coming to the United States, not that he was inconsistent. He contends that the IJ erred in questioning his credibility based on "her perception of his intent." However, neither the BIA nor the IJ mischaracterized Cui's statements: Cui stated several times that the reason he came to the United States was to study and it was not unreasonable for the agency to rely on those statements in assessing Cui's credibility, particularly where the changing explanation called into question the extent of his

4

fear of persecution. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004) (in addressing burden for well-founded fear showing, explaining that applicant must have a subjective fear, that is a "genuine" fear of persecution").

Cui additionally challenges the IJ's finding that it was implausible for him to have obtained a student visa while under government surveillance. However, his testimony was questionable. Cui's ability to obtain a student visa conformed with his testimony that his situation was "not that serious," but conflicted with his claim that the Chinese government was monitoring his actions across provinces in China. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007).

Viewing the record under the "totality of the circumstances," the adverse credibility determination is supported by substantial evidence even without the implausibility finding because the inconsistencies discussed by the BIA were material to Cui's claim. *See Xiu Xia Lin*, 534 F.3d at 165-66; *see Xian Tuan Ye*, 446 F.3d at 295. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual

5

predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

We decline to reach Cui's challenges to the corroboration findings because he did not raise them on appeal to the BIA. Nor did the BIA address them.  As the Government argues, the challenges are therefore unexhausted and not subject to judicial review.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk